**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NATALIA NOVIKOVA, #A76-101-513,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0039-M** |
| | ) | |
| **NURIA PRENDES,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for habeas corpus relief filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

Parties:  At the time of filing this action, Petitioner was incarcerated at the Rolling Plains Detention Center in Haskell, Texas.  She was recently removed from the United States. Respondent is the Field Office Director of the Dallas Detention and Removal Operations for ICE.  The Court issued process in this case.

Statement of Case:  On January 6, 2006, Petitioner filed this habeas corpus action challenging her detention pending removal to Russia pursuant to Zadvydas v. Davis, 533 U.S.

678 (2001).[1]

On March 24, 2006, Petitioner submitted for filing an emergency motion seeking to stay her removal, an issue not previously raised in her habeas petition. Petitioner asserted that ICE had obtained a "Temporary Travel Document" from the Russian Consulate, and that it would effect her removal in the near future. Petitioner mailed her emergency motion directly to the Magistrate Judge's office, which in turn received it on Friday March 24, 2006. Due to a clerical error, the motion was not forwarded to the District Clerk's Office for filing until Monday March 27, 2006. Moreover, since the motion did not contain a certificate of service, notice of its filing was not served on the United State's Attorney Office by electronic mail until Monday morning, when the Clerk's Office docketed the same. On March 28, 2006, the Magistrate Judge signed an order granting a temporary stay of Petitioner's removal for thirty days, and ordering Respondent to file a response within three days.

In its March 31, 2006 response in opposition to the emergency motion, Respondent advises that on March 27, 2006, it removed Petitioner to Russia, thus rendering her petition moot. (Response in Opposition at 2). Respondent further alleges that this court lacks jurisdiction to enjoin Petitioner's removal. On April 3, 2006, Petitioner's husband filed a reply contending that the petition is not moot because Petitioner was removed to life-threatening

---

[1]    It is undisputed that Petitioner is subject to a final order of removal issued by an immigration judge. The numerous instances of ineffective assistance of counsel in the course of the proceedings before the immigration court and Board of Immigration of Appeals, recounted in details in the pleadings in this case, are beyond the scope of this habeas corpus petition.

conditions in Russia, and that this court has jurisdiction to enjoin the removal.[2]

Findings and Conclusions:  Petitioner's removal from the United States requires the Court to examine whether it has jurisdiction over the instant action.  See Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' "  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined.  Lane v. Williams, 455 U.S. 624, 631 (1982).  "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage

---

[2]      This is not the first pleading filed by Petitioner's husband on behalf of Petitioner, purportedly in violation of Rule 11, of the Federal Rules of Civil Procedure, which requires the signature of the party proceeding pro se on each pleading, motion or other paper filed by that party.
        Petitioner's husband, however, may have intended to seek standing to proceed as next friend on behalf of Petitioner.  A petition for a writ of habeas corpus must be in writing, "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability," and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  Whitmore v. Arkansas, 495 U.S. 149, 163-64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); see also In re Cockrum, 867 F.Supp. 494 (E.D. Tex. 1994).  The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court."  Whitmore, 495 U.S. at 164.  Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  Id. at 163.
        In light of Petitioner's recent removal, the Court need not address this issue further.

of time, it is considered moot." <u>American Med. Ass'n v. Bowen</u>, 857 F.2d 267, 270 (5th Cir. 1988).

      The only relief sought in the habeas petition was release from custody pending removal. Since Petitioner was removed from the United States, her ground for relief is now moot and this Court lacks jurisdiction to consider the habeas petition. <u>See</u> <u>Omotoyo v. Chertoff</u>, 3:05cv2093-P (N.D. Tex., Dallas Div., March 27, 2006) (holding that the petitioner's removal rendered moot habeas corpus petition which sought release from custody pending removal under <u>Zadvydas</u>); <u>Habib v. Gonzales</u>, 3:05cv2416-P (N.D. Tex., Dallas Div., March 27, 2006) (same).[3]

      In her emergency motion, Petitioner seeks to enjoin her removal. Such a claim was not pled in her original habeas petition as noted above. Even liberally construing the petition, in accordance with her *pro se* status, to raise such a claim, the Court agrees with Respondent that 8 U.S.C. § 1252(g), as amended by the REAL ID Act of 2005, has divested this Court of jurisdiction to enjoin the removal order. That section bars judicial review of claims arising out of the "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders . . . ."

---

[3]     In her reply, Petitioner argues that "[t]he authority of <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) has never been the sole basis for Petitioner's habeas petition." (Petitioner's Reply at 1). This Court disagrees. The petition specifically prayed as follows: "(1) assume jurisdiction over this matter; (2) grant Petitioner a writ of habeas corpus directing the Respondent to *immediately release Petitioner from custody*; (3) enter preliminary and permanent injunctive relief *enjoining Respondents from further unlawful detention of Petitioner*; (4) award Petitioner fees and costs . . ., and (5) grant any other and further relief that this Court deems just and proper. (Original Petition filed Jan. 6, 2006, at 25).

4

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus

be dismissed for want of jurisdiction the same being moot.

A copy of this recommendation shall be transmitted to Petitioner and counsel for

Respondent.

Signed this 10th day of April, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten-day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.